CALLAHAN v. DAVID M. OLTARSH IRON WORKS.

(Supreme Court, Appellate Term. November 24, 1908.)

1. MUNICIPAL CORPORATIONS (§ 705*)—USE OF STREETS—INJURIES TO TRAVELERS—DRIVER OF PRECEDING VEHICLE—NEGLIGENCE.

A driver of defendant's team attached to a truck loaded with iron girders, which projected 10 feet from the rear of his truck, turned his team so as to swing his load across the street and strike one of plaintiff's horses, which was following. Held, that defendant's driver was negligent, though he testified that he held up his hand and signaled plaintiff's driver to stop, which signal the latter testified he did not see.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1515; Dec. Dig. § 705;* Highways, Cent. Dig. §§ 459, 461–469.]

2. MUNICIPAL CORPORATIONS (§ 705*)—USE OF STREETS—CONTRIBUTORY NEGLIGENCE.

Where plaintiff's driver testified that he did not see a signal, claimed to have been given by the driver of defendant's truck who was ahead of plaintiff, of an intention to turn his team to the west, by which act one of plaintiff's horses was struck by the rear of the load on defendant's truck, plaintiff's driver was not negligent.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1515; Dec. Dig. § 705;* Highways, Cent. Dig. § 460.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Joseph Callahan against the David M. Oltarsh Iron Works. From a Municipal Court judgment for plaintiff, defendant appeals. Affirmed.

See, also, 109 N. Y. Supp. 753.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Frankenthaler & Sapinsky, for appellant.
James E. Duross, for respondent.

PER CURIAM. The plaintiff's team and truck going uptown on the easterly side of Hudson street, in August, 1907, met on the left the defendant's team and truck coming down on the up track; that is, easterly from the middle of the street. The defendant's driver turned his team to the west, and thereby swung his load, iron girders, projecting about 10 feet from the rear of his truck, easterly across the street, striking and badly injuring one of the plaintiff's horses, which died therefrom some months later. The defendant's driver testified he held up his hand to signal the plaintiff's driver to stop, but the latter says he did not see the signal, or see that the load projected until it swung across to the injury of his team. On that statement, apparently credited by the jury, contributory negligence could not be imputed to the plaintiff's driver and the fault was of the defendant's driver, against whose employer the jury found the verdict in damages, the amount of which is not here contested.

Judgment affirmed, with costs.